1  VINCENT A. GORSKI
2  CHAPTER 7 TRUSTEE
   P.O. BOX 10360
3  BAKERSFIELD, CA 93389-0360
   (661) 735-1895
4  GorskiTrustee@gmail.com

# IN THE UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>RAFAEL ALONSO,<br><br>Debtor. | Case No.: 12-11008-A-7<br><br>Chapter 7<br><br>DCN:  VG-007<br><br>**MOTION FOR AUTHORITY TO SELL PERSONAL PROPERTY AT PRIVATE SALE SUBJECT TO OVERBID**<br><br>Date:      April 8, 2015<br><br>Time:      10:30 A.M.<br><br>Place:     U.S. Courthouse<br>             510 19th Street<br>             Bakersfield, California<br><br>Honorable:   Fredrick E. Clement |

    Vincent A. Gorski, Chapter 7 Trustee (the "Trustee") of the estate of Rafael Alonso (the "Debtor"), respectfully moves the Court for an order authorizing the sale of the bankruptcy estate's interest in certain personal property.  The Trustee seeks to sell the bankruptcy estate's interest in a malpractice law suit filed in the Kern County Superior Court, Metropolitan Division as Case No.:  S-1500-CV-282651 (the "Personal Property") to Arch Insurance Company, One Sansome Street, 14th Floor, San Francisco, CA 94104 (the "Buyer") for $5,000.00, subject to overbid at the hearing on the following grounds:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the issues raised in this matter pursuant to Sections 1334 and 157 of Title 28 of the United States Code and the general order of reference.

2. This is a core proceeding pursuant to Sections 157(b)(2)(A) and (N) of Title 28 of the United States Code.

3. Venue is proper pursuant to Section 1409(a) of Title 28 of the United States Code by virtue of this case pending before this Court.

4. This Motion is made pursuant to Sections 363(b), (d) and (f) of the Bankruptcy Code and Rules 2002(a)(2) and 6004 of the Federal Rules of Bankruptcy Procedure.

**BACKGROUND**

5. The Debtor filed a Voluntary Petition for relief under Chapter 7 of Title 11 of The United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of California, Fresno Division on February 6, 2012 (the "Petition Date").  The Trustee was appointed interim trustee on February 6, 2012 and became the case trustee following the first meeting of creditors convened on September 15, 2014 pursuant to Bankruptcy Code Section 702(d).

6. None of Debtor's schedules lists an interest in the Personal Property.

7. The Trustee seeks authority to sell the Personal Property to Arch Insurance Company, One Sansome Street, 14th Floor, San Francisco, CA 94104.

8. The Trustee accepted the Buyer's offer of $5,000.00 for the bankruptcy estate's interest in Personal Property subject to overbid at hearing.

9. Any party desiring to bid at the hearing must follow the instructions provided in the *Notice of Hearing of Motion to Sell Personal Property Subject to Overbid* filed and served contemporaneously herewith.  The Trustee will provide buyer with a copy of the order granting this Motion, and execute any documents at the request of Buyer as may be reasonable or necessary to effectuate the transfer of the Personal Property to Buyer.  THE

PERSONAL PROPERTY IS SOLD "AS IS" WITH NO REPRESENTATION OF VALUE OR INCOME POTENTIAL NOR IS THE ESTATE MAKING ANY WARRANTIES OR REPRESENTATIONS AS TO THE VIABILITY OF THE CLAIMS.

10. The Debtor failed to schedule the Personal Property and failed to claim any exemption as to the Personal Property.

11. While the Trustee initially thought that the Personal Property was burdensome and of inconsequential value to the estate for the reasons discussed below in the section titled "A&C FACTORS ANALYSIS", the Trustee now believes after receiving Buyer's offer to purchase the Personal Property that the Personal Property has a value of at least $5,000.00. The Trustee is unable to ascertain the true value of the Personal Property because it is his belief and business judgment that the only people or entities possibly interested in purchasing the Personal Property would be Debtor, Buyer, and possibly the Defendant of the underlying malpractice claim.

12. The Trustee being informed that there are no significant tax consequences to the sale, believes that the proposed sale is in the best interest of the estate.

13. The Trustee believes that selling the Personal Property to Buyer, subject to overbid at the hearing, will yield the best price obtainable under the circumstances of Debtor's case. The Trustee believes that the contemplated sale is a reasonable exercise of his business judgment. This Motion is based on this moving document, the Notice of Hearing, and the Declaration of Vincent A. Gorski, as well as any evidence or argument of counsel as may be presented at the hearing.

## ARGUMENT

**Sale of the Personal Property is Appropriate Pursuant to 11 U.S.C. § 363(b)**

14. Causes of action owned by the trustee are intangible items of property of the estate that may be sold. *Simantob v. Claims Prosecutor, L.L.C. (In re Lahijani)*, 325 B.R. 282, 287 (B.A.P. 9th Cir. 2005). These include causes of action owned by the debtor as of the filing of the case. *Id*.

15. Section 363(b)(1) of Title 11 of the United States Code (the "Bankruptcy Code") authorizes the sale of property of the estate "other than in the ordinary course of business." Under Section 363(b)(1), the trustee must articulate a business justification for his actions. *In re Lionel Corporation*, 722 F.2d 1063, 1071 (2nd Cir. 1983). Liquidation of the assets of the estate is a proper business purpose for the Chapter 7 trustee. 11 U.S.C. §704(a)(1). A §363(b)(l) sale is proper in one of three ways: (i) through a confirmed plan, 11 U.S.C. §1123(a)(5)(D), 1322(b)(10); (ii) at public auction, Fed. R. Bankr. P. 6004(f)(1); or (iii) at private sale with opportunity for overbid, Fed. R. Bankr. P. 6004(f)(l), *In re Mama's Original Foods, Inc.*, 234 B.R. 500, 505 (Bankr. C.D. Cal. 1999) (court acts as auctioneer but must offer overbid opportunity).

16. In this case, the business justification for the proposed sale is that for the reasons articulated below in the A&C FACTORS ANALYSIS section, the Trustee does not believe that the litigation has merits and believes that pursuing the litigation might open the estate to liability. Further, he does not believe that the estate would likely prevail if it pursued the litigation nor does he believe that the Defendant or his malpractice carrier would settle the matter if the Trustee litigated it because it would likely be easier and more cost effective to dispose of the matter on summary judgment. The Trustee requests authority to sell the Personal Property at a private sale with the opportunity for overbid at the hearing.

## A&C FACTORS ANALYSIS

17. The Buyer in this case is the malpractice carrier for the Defendant of the underlying malpractice lawsuit for which the Trustee wishes to sell the estate's interest.

18. An additional analysis is required of the Court when Trustees wish to sell the estate's interest in litigation to a Defendant of the underlying litigation and/or the Defendant's agents. The BAP has noted that while trustees often sell claims to defendants, under *Lahijani* situations with constrained competition – such as when defendant and plaintiff are the only bidders – more scrutiny is warranted. *Fitzgerald v. Ninn Worx SR, Inc. (In re Fitzgerald)*, 428 B.R. 872 (B.A.P. 9th Cir. 2010). In *Fitzgerald*, the BAP held that in

1  these circumstances, a bankruptcy court should apply the standards in *In re Lahijani*, 325
2  BR 282 (9th Cir. BAP 2005) and *In re A&C Props.*, 784 F.2d 1377 (9th Cir. 1986).

3      19.    The Ninth Circuit had identified the following factors for consideration in
4  determining whether a proposed settlement agreement is reasonable, fair, and equitable:

        a.    The probability of success in the litigation;

        b.    The difficulties, if any, to be encountered in the matter of collection;

        c.    The complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it; and

        d.    The paramount interest of the creditors and a proper deference to their reasonable views in the premises.  *In re A&C Properties*, 784 F.2d at 1381.

12      20.    Consideration of these factors does not require the Bankruptcy Court to
determine whether the sale presented is the best one that could have possibly been achieved.
Rather, the Court need only canvas the issues to determine whether the sale falls "below the
lowest point in the zone of reasonableness." *Newman v. Stein*, 464 F.2d 689 (2d Cir. 1972);
see also, *Anaconda-Ericsson, Inc. v. Hessen* (*In re Teltronics Services, Inc.*), 762 F.2d 185,
189 (2nd Cir. 1985).

18      21.    The Trustee believes that the agreement entered into between him and Buyer
is reasonable, fair, and equitable, in light of the relevant factors to consider set forth by the
Ninth Circuit in *In re A&C Properties*.

***The probability of success in the litigation***

22      22.    Based on the Declaration of Vincent A. Gorski*,* litigating the merits of
the malpractice claim contains certain inherent risks, carries litigation costs, and would
unnecessarily deplete time.

25      23.    Once the Trustee learned that Debtor commenced the state court malpractice
litigation, he requested and reviewed multiple documents related to the litigation to
determine whether it would be litigation that the estate should take over and prosecute.
Among the documents reviewed by the Trustee were the Defendant's Demurrer and Points

and Authorities in support thereof, Debtor's Opposition to the Demurrer, Defendant's Reply Brief to the Opposition, and the state court's civil minute order on the Demurrer.

24. After reviewing these documents and considering other issues, the disputes that the Trustee believes that the estate will encounter are numerous:

    a. First, the litigation relates to alleged malpractice that is rooted in pre-petition activities, and based on these circumstances, are property of the estate. *In Re Strada Design Associates, Inc.*, 326 B.R. 229 (2005); *Segal v. Rochelle*, 382 U.S. 375 (1966); *Bostanian v. Liberty Savings Bank*, (1997) 52 Cal.App.4th 1075. The Trustee has evaluated the claims asserted in the state court litigation and understands them to be based on obligations stemming from a former attorney/client relationship between Debtor and the defendant to the litigation which took place years ago.

    b. Second, the statute of limitations for malpractice actions against an attorney are one year for claims other than actual fraud. Cal. Code. Civ. Proc. 340.6. The Trustee's review of the claims asserted in the litigation do not involve actual fraud. The Trustee believes that the claims asserted by Debtor are barred by the statute of limitations.

    c. Third, Section 108 of Title 11 of the United State Code provides, "If applicable nonbankruptcy law…fixes a period within which the debtor may commence an action…the trustee may commence such action only before the later of two years after the order for relief." The Debtor commenced this litigation more than two years after the order for relief. Accordingly, even if it were not barred by the CCCP 340.6 statute of limitations, it would be barred by the Section 108 statute of limitations.

    d. Fourth, the state court judge stated in the civil minutes on the demurrer that the demurrer was sustained for the reasons stated in the demurrer. This leads the Trustee to believe that the state court agrees with the issues raised in the demurer that the cause of action accruing when the attorney

first represented Debtor and not post-petition.

e. Fifth, the state court judge stated in the civil minutes on the demurrer, "The Court is doubtful that the complaint can be successfully amended in good faith…" The Trustee's review of the claims and issues resulted in his belief that the complaint cannot be amended in good faith and likewise if the court believes this, there is little probability of success in the litigation.

f. Sixth, the Trustee is informed that the Debtor commenced a State Bar Complaint against the defendant to the state court litigation on the same issues that the state court litigation relates. The Trustee is informed that the State Bar closed the matter on the grounds that it does not warrant further action. The Trustee understands that the decisional letter attached to Docket Number 278 and filed by a creditor is Privileged and Confidential. Accordingly, the Trustee will not attach it. He will only incorporate the prior filing by this reference.

25. The Trustee believes that these six reasons are either complete defenses or at a bare minimum very good defenses to the claims raised. Accordingly, there is no certainty that the bankruptcy estate will prevail in litigation. In fact, the Trustee believes that due to the statute of limitations issues, the estate might even be exposed to liability if it were to pursue the claims. This factor weighs in favor of approving the proposed sale.

***The difficulties, if any, to be encountered in the matter of collection***

26. The Trustee reviewed the A.M. Best rating for the Buyer and they hold an A+ Financial Strength Rating with a "Stable" Outlook. A.M. Best indicates that they have more than $2 Billion in assets. The Trustee is already holding a ten percent (10%) deposit and the Buyer has already approved the proposed purchase price and he has been assured that there is an ability to pay the balance of the purchase price upon order of the bankruptcy court approving the sale. Thus, it does not appear that collection would be an issue.

Case 12-11008    Filed 02/25/15    Doc 338

*The complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it*

27.    For the reasons outlined above, this litigation will be a costly and time-consuming endeavor. In light of the most favorable trial outcome possible for the bankruptcy estate, the complexity, expense, inconvenience, and time delay of the litigation outweighs such an outcome. This factor weighs heavily in approving the sale.

*The paramount interest of the creditors*

28.    This factor weighs in favor of the Court's approval of the sale. As set forth above, litigating this matter could result in no recovery for the bankruptcy estate, and would greatly delay distribution to creditors. It is in the creditors' best interests to resolve the litigation by way of the proposed sale.

## PRAYER FOR RELIEF

**WHEREFORE,** the Trustee respectfully petitions the Court for an order:

(A) authorizing him to sell the above described malpractice litigation to Buyer for $5,000.00, or the highest bidder at the hearing;

(B) authorizing him to execute all necessary documents required to complete the sale to Buyer, or the highest bidder at the hearing;

(C) providing that the provisions of Rule 6004(h) of the Federal Rules of Bankruptcy Procedure are waived and not applicable to the order; and

(D) granting the Trustee and the bankruptcy estate all other just and proper relief.

Dated:  February 25, 2015        Respectfully Submitted,

                                         /s/ Vincent A. Gorski
                                       Vincent A. Gorski
                                       Chapter 7 Trustee